IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BOBBY FORD,                )
                           )
    Plaintiff,             )
                           )
    v.                     )    Case No. 06-cv-449 MJR
                           )
SCOTT R. WRIGHT, et al.,   )
                           )
    Defendants.            )

## ORDER

Currently pending before the Court are Plaintiff Bobby Ford's Motions to Compel (Docs. 21 and 22), Motion for Speedy Trial (Doc. 23), Motion for Sanctions (Doc. 25), and Motion for Sanctions or in the Alternative for Default Judgment (Doc. 31).

### FIRST MOTION TO COMPEL

Ford filed his first motion to compel on April 2, 2008, requesting that the Court enter an order compelling the defendants to produce for inspection and copying documents that Ford had requested of Defendants on February 28, 2008 (Doc. 21). Ford states that Defendants have refused to respond to his discovery requests in the time required under the Federal Rules of Civil Procedure, therefore, he asks that the court order Defendants to so respond. Defendants responded that they mailed to Plaintiff by regular mail their responses to Plaintiff's interrogatories, Requests for Production of Documents, and Requests for Admissions on March 31, 2008 (Doc. 24). Defendants argue that their responses were timely under Fed. R. Civ. P. 6.

Defendants received Ford's discovery requests on February 25, 2008. Under Rules 33, 34, and 36, Defendants had 30 days in which to respond. Under Rule 6(d), three days are "added after the period would otherwise expire." Defendants' 30 days to respond expired on March 26, 2008. Three days are added under Rule 6(d), making the deadline to respond March 29, 2008, which was

a Saturday. Under Rule 6(a)(3), if the last day of the period is a Saturday, Sunday, or legal holiday, the last day is excluded, and "the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday." By that rule, the last day of the period was extended until the next Monday, March 31, 2008. Defendants mailed their responses on that day, thus, they were timely. For that reason, Ford's Motion to Compel (Doc. 21) is **DENIED**.

## SECOND MOTION TO COMPEL

In Ford's second Motion to Compel (Doc. 22), he objects to many of the Defendants' discovery responses as inadequate or incomplete. Specifically, Ford complains of the following: (1) Defendant Wright provided only partial statements in response to Ford's interrogatories and his responses did not include an attestation, making the responses "unacceptable," (2) Defendants refused to provide Ford with copies of his own medical records, (3) Defendants refused to produce names of inmates housed in the segregation unit where Ford was housed during the incidents at issue in this lawsuit, (4) Defendants have refused to produce requested incident reports, (5) Defendants have refused to properly answer requests for admissions, and (6) Defendants "lied" by misstating the date Ford filed his complaint in the action.

*Wright Interrogatories*

Plaintiff states that Defendant Wright's responses to interrogatories were incomplete and did not contain an attestation. Plaintiff does not specify how the responses were inadequate or incomplete. The Federal Rules require only that the interrogatories be answered by the party to whom they are directed. Fed. R. Civ. P. 33(b)(1)(A). The party must answer each interrogatory, to the extent it is not objected to. Fed. R. Civ. P. 33(b)(3). Defendants provide a copy of Defendant Wright's Interrogatories (Doc. 26, Exh. 2). His answers conform to these requirements. Thus, there

2

is no need to compel additional answers.

Defendants concede that Defendant Wright's answer to Ford's interrogatories did not contain a signed attestation, but argue that they informed Ford of this in a letter attached to the responses (Doc 26, Exh. 2). They later sent the attestation to him on April 14, 2008. Thus, Ford's request to compel the attestation should be denied.

*Defendants Failure to Produce Medical Records, Names of Inmates, and Incident Reports*

In response to Ford's request for his own medical records, the names of the inmates housed in the segregation unit at the time of the incidents, and the incident reports regarding the allegations in the complaint, Defendants argue that Ford's requests to produce were "imbedded in the middle of the definition and instruction section of the document and were not noticed by counsel until preparation of the response to this Objection." Defendants state they will respond to those requests within 30 days of the filing of the response. It is clear from Plaintiff Ford's subsequently filed motions for sanctions that Defendants did produce these documents. Thus, there is no longer a need to compel their production.

*Answers to Requests for Admissions*

Plaintiff Ford argues that Defendants' responses to the Requests for Admissions are inadequate. The Federal Rules require:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). The Court has reviewed the responses to which Plaintiff objects and finds

them adequate based upon the information available to the Defendants at the time. The Court had not yet entered the HIPAA Qualified Protective Order at the time of the Requests for Admissions, therefore, answers that might have been found in Plaintiff's medical records were not then available to the Defendants. The Court notes that Defendants are under a duty to supplement their responses to Requests for Admissions by Fed. R. Civ. P. 26(e)(1). Based on this continuing duty to supplement, the Court sees no need to compel additional responses that Defendants might have found after production of medical records pursuant to the HIPAA Protective Order.

*Defendants Misstatement of Date Complaint Was Filed*

Plaintiff claims that Defendants Motion of HIPAA Qualified Protective Order misstates the date Plaintiff filed his complaint. Defendants concede they misstated that date. Because this misstatement is of no consequence to any other discovery issues in the case, the Court finds no reason to compel any change.

For all the foregoing reasons, Plaintiff Ford's Second Motion to Compel (Doc. 22) is **DENIED**.

## MOTION FOR A SPEEDY TRIAL

On April 11, 2008, Plaintiff Ford filed a motion captioned, "Motion for a Speedy Trial" (Doc. 23). In this document, Ford expresses his dismay over the length of time it has taken for the case to be reviewed and Defendants to be served. He also objects to what he perceives as intentional delay tactics by the Defendants who, he believes, have refused to follow the Federal Rules of Civil Procedure in conducting discovery. Plaintiff accuses the Court of "silent consent to clearly known facts." Plaintiff further states:

> What does the Plaintiff have to do? Have a army as big as America with equal nuclear power of weapons of mass destruction in order to get justice in this civil

4

case?!!

It is clear that Plaintiff Ford is frustrated with the progress of his case. The Court also recognizes Plaintiff Ford's belief that Defendants are intentionally preventing him from winning his lawsuit. The Court, however, will not entertain any motions that contain statements such as these that approach the level of threat. Because Plaintiff Ford has not demonstrated this kind of behavior before, the Court will interpret these passages as mere bravado engendered by frustration. The Plaintiff is warned, however, that any further statements such as these will not be taken lightly by the Court. Plaintiff's Motion for a Speedy Trial (Doc. 23) is **DENIED**.

### FIRST MOTIONS FOR SANCTIONS

On April 21, 2008, Plaintiff filed a Motion for Sanctions asking that the Court impose sanctions against the Defendants for violations of Fed. R. Civ. P. 11 and 37(a) for failing to comply with discovery (Doc. 25). Specifically, Plaintiff Ford argues that the Defendants have withheld Plaintiff's medical and mental health records from the period September to December 2005, despite the Court's issuance of a HIPAA Protective Order; the identities of inmates housed in and inmate workers assigned to the R5 segregation unit on October 7 and October 28, 2005, the dates of the incidents underlying the lawsuit; and full and complete copies of all incident reports written by any and all staff related to the two incidents that are the basis of Plaintiff's complaint.

In response, Defendants state that Plaintiff's requests for production of these documents were "imbedded in the middle of the definition and instruction section of the document and were not noticed by counsel until preparation of the response" to Plaintiff's Motion to Compel (Doc. 26). At the time Defendants responded to Plaintiff's Motion to Compel, Defendants indicated they would produce the requested documents within 30 days. Defendants now aver that they sent the documents

responsive to Plaintiff's requests to Menard Correctional Center for Plaintiff to review on May 21, 2008. Defendants argue that sanctions should not be imposed against them for failing to notice the requests because as soon as they were alerted to the requests they attempted to comply with those requests and further, because Plaintiff has not suffered any injury as a result of the delay.

Determination whether a party violated Rule 26(a) is "entrusted to the broad discretion of the district court." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Exclusion of the non-disclosed information is "automatic and mandatory" unless the party can show its violation of the Rule was either "justified or harmless." *Id.*; *see also McCarthy v. Option One Mortgage Corp.*, 362 F.3d 1008, 1012 (7th Cir. 2004). The Seventh Circuit has identified the following factors a District Court should evaluate: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Caterpillar*, 324 F.3d at 857. Dismissal as a sanction for non-disclosure under Rule 37 should be considered only after a finding of willfulness, bad faith, or fault. *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003).

The Court finds, in its discretion, that sanctions are not warranted. Defendants indicate that they did not notice the requests for the documents because Plaintiff located the requests under the heading "Definitions and Instructions." As soon as Defendants became aware of the requests, they notified the Plaintiff that they would disclose the documents within 30 days. The Defendants now state that they forwarded the requested documents to the Menard Correctional Center for Plaintiff's inspection on May 21, 2008, within the 30 day period. The Court finds no bad faith or willfulness in Defendants' behavior because they attempted and did in fact cure the defect immediately upon

realizing their oversight. Plaintiff then received the documents and was able to file his motion for summary judgment. The Court does not find that Plaintiff was prejudiced by the delay. Based on the foregoing, Plaintiff's Motion for Sanctions (Doc. 25) is **DENIED**.

### SECOND MOTION FOR SANCTIONS

On June 9, 2008, Plaintiff Ford filed a Second Motion for Sanctions or in the Alternative a Motion for Default Judgment (Doc. 31). He argues that sanctions or judgment in his favor is warranted because Defendants did not supplement responses to Plaintiff's Requests for Admissions after receiving Plaintiff's medical records, Defendants did not provide Plaintiff with his mental health records, Defendants did not send copies of documents directly to Plaintiff, Defendants will not provide information regarding the present location of inmates housed or working in the segregation unit on the dates of the incidents underlying the complaint, and Defendants are responsible for the withholding of incident reports by the litigation office of either Stateville Correctional Center or Menard Correctional Center.

*Supplementing of Requests for Admissions*

Defendants state that they supplemented Plaintiff's requests for admissions in accordance with medical records they received. Thus, there is no need to compel production of these documents. Further, the Court sees no evidence of bad faith or willfulness in failing to supplement the Requests for Admissions. Defendants did supplement once they obtained the medical and other departmental records that allowed them to do so.

*Mental Health Records*

Plaintiff indicates that Defendants did not produce his mental health records. In response, Defendants argue that they do not possess his mental health records and therefore cannot produce

7

them. Defendants point out that the Illinois Department of Corrections, which is not a party to this action, possesses Plaintiff's mental health records. Federal Rule of Civil Procedure 34(a)(1) requires only that the responding party provide documents "in the responding party's possession, custody, or control." Defendants cannot produce what they do not have.

*Copying of Plaintiff's Medical Records*

Plaintiff objects that Defendants did not provide him with copies of his medical records. Defendants indicate that they sent the documents to the litigation coordinator at Menard Correctional Center with instructions to make them available for Plaintiff's inspection. Defendants further argue that Plaintiff may request his own medical records from the facility where he is currently incarcerated. Even so, Defendants state, they supplied Plaintiff with his medical records and all other documents they received from the Illinois Department of Corrections. Rule 34(a)(1) requires only that the party "produce and permit the requesting party . . . to inspect, copy, test, or sample" the documents. The Court finds that Defendants are not required to give to Plaintiff or pay for his copies of the documents. Plaintiff was allowed to inspect them, and copy them if he wished, at his own expense.

*Names and Locations of Other Inmates*

Plaintiff objects that Defendants refused to produce inmate numbers and current locations for inmates who were housed on the same wing as Plaintiff during the incidents underlying the complaint. Defendants respond that they produced "Offender Tracking System printout showing who occupied each cell in R-5 A wing on October 7, 2005." They objected to the production of inmate numbers and current locations for these individuals citing safety and security concerns. Further, they stated they would provide this information to the Court should the presence of any of

8

these individuals be required at trial. From the Court's perspective, Defendants have gone above and beyond their duties under the Federal Rules in producing the information they did regarding other inmates. First, this information is possessed by the Illinois Department of Corrections, not Defendants themselves. Second, Defendants properly objected to providing this information. Rule 34(b) imposes no duty on the party to produce documents over their own objection. Third, Plaintiff has not shown how these documents are relevant, or reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). Finally, safety and security are legitimate concerns in the prison context.

*Withholding of Documents by the Prison Litigation Office*

Plaintiff argues that Defendants are responsible for the withholding of incident reports by the litigation office of either Stateville Correctional Center or Menard Correctional Center. In response, Defendants state that they sent the documents to Menard Correctional Center on May 21, 2008, because Plaintiff had filed a Notice of Change of Address to Menard. After Defendants learned that Plaintiff had been transferred back to Stateville, they sent the documents there. They argue that any delay in Plaintiff's reviewing the documents was not attributable to Defendants. The Court agrees. There is no demonstration of bad faith or willfulness that would indicate sanctions under Rule 37 are necessary.

Therefore, for the foregoing reasons, Plaintiff's Motion for Sanctions or in the Alternative for Default Judgment (Doc. 31) is **DENIED**.

## CONCLUSION

In summary, Plaintiff Ford's Motions to Compel (Docs. 21 and 22), Motion for Speedy Trial (Doc. 23), Motion for Sanctions (Doc. 25), and Motion for Sanctions or in the Alternative for

9

Default Judgment (Doc. 31) are all **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 6, 2009**

                                                                     <u>s/ *Donald G. Wilkerson*</u>
                                                                     **DONALD G. WILKERSON**
                                                                     **United States Magistrate Judge**