# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY FORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 06-cv-0449-MJR ) |
| SCOTT R. WRIGHT, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. INTRODUCTION AND BACKGROUND

Plaintiff Bobby Ford, a former inmate in the Pinckneyville Correctional Center, filed this action on June 9, 2006, alleging deprivations of his constitutional rights by prison personnel in violation of 42 U.S.C. § 1983. The Court completed its threshold review under 28 U.S.C. § 1915A on August 1, 2007, finding that Ford had stated two claims: 1) against Defendants Shirley and Kabat for unconstitutional use of excessive force arising from an incident that occurred on October 7, 2005, and 2) against Defendant Wright for unconstitutional use of excessive force arising from an incident that occurred on October 28, 2005. On March 27, 2009, the Court dismissed claim one because it was barred by *Heck v. Humphrey*, **512 U.S. 477 (1994)** (Doc. 40). Thus, only claim two against Defendant Wright remains pending in the action.

### B. SEVERANCE UNDER *GEORGE V. SMITH*

The Seventh Circuit recently confirmed that separate, unrelated claims belong in different suits. *George v. Smith*, **507 F.3d 605, 607 (7th Cir. 2007)**. In doing so, the Seventh Circuit directed district courts to closely review *pro se* prisoners' complaints that assert multiple

claims against multiple defendants for compliance with **FEDERAL RULES OF CIVIL PROCEDURE 18(a) and 20(a)**. The court explained that "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* **at 607.** "A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *Id.* The court noted that this is necessary not only to prevent the filing of unwieldy complaints, but also to ensure that litigants cannot avoid the required filing fees. *Id.*

Here, Ford brought claim one against Defendants Shirley and Kabat for unconstitutional use of excessive force arising from an incident that occurred on October 7, 2005. Ford's second claim also alleges excessive force, but is based on a separate incident involving Defendant Wright on October 28, 2005. The two claims are entirely unrelated.

The Court must therefore sever claim two from claim one. However, because severance of these claims will require the opening of a new action under a separate case number, for which Ford must pay a second filing fee, the Court will give Ford the option of voluntarily dismissing claim two before it severs the claims. If Ford prefers to voluntarily dismiss claim two, he must notify the Court of that intention **no later than April 20, 2009.** Otherwise, claim two will be severed into a separate action and Ford will be assessed a new filing fee. The new action shall not commence before that filing fee is paid.

### C. FORD'S REMAINING EXCESSIVE FORCE CLAIM

Ford should be aware that if he chooses not to voluntarily dismiss claim two, the Court anticipates requiring him to show cause why the claim should not be dismissed on the grounds

that it is premised upon a *de minimis* use of force.

A District Court may enter summary judgment *sua sponte* in favor of a party even if the party entitled to judgment did not file a motion seeking that relief, so long as the entry of judgment does not take a party by surprise. ***Goldstein v. Fidelity and Guaranty Ins. Underwriters, Inc.*, 86 F.3d 749, 750 (7th Cir. 1996) ("The party against whom summary judgment is entered must have notice that the court is considering dropping the ax on him before it actually falls.").** *See also Celotex Corp. v. Catrett*, **477 U.S. 317 (1986);** *Hunger v. Leininger*, **15 F.3d 664, 669 (7th Cir. 1994).** Summary judgment may be appropriate here, because "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" ***Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)) (internal quotation marks omitted).** The Seventh Circuit holds the view that a "*de minimis* use of force," such as "a single isolated act unaccompanied by further uses of force" does not constitute excessive force of the kind that violates the Eighth Amendment. ***DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000).** *See also O'Malley v. Litscher*, **465 F.3d 799, 805 (7th Cir. 2006);** *Fillmore v. Page*, **358 F.3d 496, 503-04 (7th Cir. 2004).**

Based on the record before the Court, it appears that Ford's claim against Defendant Wright has a fair chance of being dismissed pursuant to the legal standards cited above.

### D. CONCLUSION

Accordingly, for the reasons stated herein, the Court hereby **DIRECTS** Ford to inform this Court whether he wishes to voluntarily dismiss claim two **no later than April 20, 2009.** If Ford elects not to voluntarily dismiss claim two, or if he fails to submit a timely response to this

Order, the Court will sever claim two into a new action and Ford will be assessed a separate filing fee. The Court also informs Ford that if he elects to proceed with claim two in a new action, he will be required to show cause as to why his claim ought not be dismissed on the grounds that it involves a *de minimis* use of force.

Finally, because the only remaining claim will be either voluntarily dismissed or severed into a new action, the motion for summary judgment (Doc. 34) is hereby **DENIED AS MOOT**, without prejudice and with leave to re-file in the severed action.

**IT IS SO ORDERED.**

**DATED this 27th day of March 2009.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**